IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MANUEL RAMIREZ,**

                **Petitioner,**

        v.                              CASE NO. 11-3028-RDR

**(FNU) CHESTER,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner, challenges the execution of his sentence, claiming that the Bureau of Prisons (BOP) improperly failed to credit approximately five months of jail time to his sentence.

*Background*

In May 2008, petitioner was incarcerated under an Arizona state sentence when agents of the Department of Immigration Customs Enforcement (ICE) lodged an immigration detainer against him.

On June 4, 2009, petitioner completed the state sentence. He entered the custody of the United States Marshals Service on the following day.

On July 15, 2010, petitioner was sentenced to a term of 87 months in the U.S. District Court for the District of Arizona.

The BOP computed petitioner's sentence with a commencement date of July 15, 2010, and gave prior custody credit from June 5, 2009, the day he entered federal custody, through July 14, 2010, the date before the federal sentence was imposed. (Doc. 8, Attach., Roush

declaration, par. 8, pp. 3-4.)

## Discussion

The federal courts may grant habeas corpus relief only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed under § 2241 is the proper means to challenge the computation of a sentence, as it "attacks the execution of a sentence rather than its validity". *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

As respondent notes, while petitioner appears to seek sentence credit of approximately five months, it is unclear exactly what time period he believes he was entitled to have credited toward his federal sentence. The petitioner did not file a traverse, and the court therefore considers the claim as interpreted by respondent, that is, to seek credit for the time petitioner spent in state custody serving his state sentence on the ground he was subject to the ICE detainer.

Section 3585(b) of Title 18 of the United States Code provides:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Here, the record shows petitioner received prior custody credit for the roughly 13-month period he spent in federal custody following his release from state custody prior to the commencement of his federal

sentence. Such credit is clearly contemplated by the statute. The court agrees that petitioner is not entitled to credit on his federal sentence for the time spent in state custody following the placement of the detainer, as that period was credited to his state sentence.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

**Dated: May 6, 2013**       **s/ Julie A. Robinson**
                             **United States District Judge**